UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHAW'S SUPERMARKETS, INC., Plaintiff | ) | C.A. No. 07 443ML |
| v. | ) | |
| LYNN FONTAINE, Defendant | ) | |

**COMPLAINT**

COMES NOW Shaw's Supermarkets, Inc., by and through undersigned counsel, and for its Complaint against the defendant states and alleges as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461.

2. Plaintiff, Shaw's Supermarkets, Inc. (hereinafter "Shaw's"), is a fiduciary of a self-funded employee benefit plan (hereinafter "Shaw's Plan") established and maintained for its employees and covered dependents. Plaintiff is authorized to bring this action on behalf of all Plan participants to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the defendant. No money damages are being sought from the defendant in this matter.

4. Defendant, Lynn Fontaine, is a resident of the State of Rhode Island and may be personally served at her residence located at 9 Hickory Road, Providence, Rhode Island 02904-3803, located within the District of Rhode Island.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

6. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this Court because the defendant resides in this district and because the breach of the Plan provision has occurred and is occurring in this district.

## FACTUAL ALLEGATIONS

7. At all times relevant herein, defendant Fontaine was a beneficiary of the Shaw's Plan.

8. On or about June 18, 2001, defendant sustained personal injuries in a motor vehicle accident.

9. As the result of injuries sustained by defendant in the aforementioned accident, the Shaw's Plan paid medical benefits in the amount of $18,333.99 on her behalf.

10. The Shaw's Plan contains an express provision which provides for the Plan's first priority right on behalf of the Plan from any personal injury recovery received from a third party regardless of whether the covered person is made whole. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan, which are incorporated by reference herein.

11. Upon information and belief, defendant Fontaine asserted a negligence claim or claims against the person or persons responsible for the motor vehicle accident.

12. Upon information and belief, defendant Fontaine settled the aforementioned negligence claim or claims for $55,000.00.

13. Upon information and belief, all or part of the settlement proceeds are within the actual or constructive possession of defendant Fontaine.

14. Despite requests to counsel, defendant has failed to reimburse the Plan from the proceeds of the settlement and has thereby breached the terms of the Shaw's Plan and ERISA.

**COUNT I: CONSTRUCTIVE TRUST**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. Pursuant to §1132(a)(3), plaintiff seeks equitable relief against defendant to enforce ERISA and the terms of the Plan.

17. Upon information and belief, defendant is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Shaw's Plan.

18. Plaintiff, through its agents and counsel, has sent notice to all known parties of its rights under the Shaw's Plan.

19. Defendant has refused to turn over the settlement funds according to the provisions of the Plan. Defendant's refusal violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien with respect to the disputed funds held in the defendant's actual or constructive possession.

20. Defendant should be ordered to turn over to plaintiff any settlement funds in defendant's actual or constructive possession (up to the amount of the benefits advanced by the Plan on her behalf) in order to enforce the terms of the Plan and ERISA.

WHEREFORE, plaintiff seeks the following relief:

a. For service upon the defendant as required by law;

b. An order imposing a constructive trust and/or an equitable lien in favor of plaintiff upon any funds or any property into which they have been converted which is in the defendant's possession or under the defendant's control;

c. An order enjoining defendant from dissipating any of the settlement funds until plaintiff's rights can be adjudicated;

d. An order enjoining defendant from transferring or disposing of the settlement funds which would prejudice, frustrate or impair plaintiff's ability to recover same;

e. An order awarding to plaintiff reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C. §1132(g)(1); and

f. Other and further equitable relief to which plaintiff may be entitled.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: December 4, 2007